1  Darren J. Quinn (149679)
   LAW OFFICES OF DARREN J. QUINN
2  12702 Via Cortina, Suite 105
   Del Mar, CA 92014
3  Tel: (858) 509-9401

4  *Attorneys for Defendant and Counter-claimant John Doe*

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>      Plaintiff,<br>vs.<br>JOHN DOE infringer identified as using IP address 75.25.172.49,<br><br>      Defendant.<br><br>JOHN DOE,<br><br>      Counter-claimant<br>vs.<br>STRIKE 3 HOLDINGS, LLC,<br><br>      Counter-defendant. | CASE NO.: 3:21-cv-00063-AJB-AHG<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY FEES**<br><br>Judge: Hon. Anthony J. Battaglia<br>Date:    April 13, 2022<br>Time:   2:00 p.m.<br>Courtroom: 4A<br>Edward J. Schwartz<br>U.S. Courthouse<br>221 West Broadway<br>San Diego, CA 92101 |

# TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  PLAINTIFF INCORRECTLY ARGUES THAT BOTH DEFENDANT AND PLAINTIFF ARE "PREVAILING" PARTIES UNDER §505 . . . . . . 1

III. THE COURT SHOULD AWARD DEFENDANT REASONABLE ATTORNEY FEES UNDER §505 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  Plaintiff Incorrectly Argues That Defendant Did Not Further The Purposes Of The Copyright Act . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.  The Non-Exclusive Factors Support An Award Of Attorney Fees To Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        1.  Degree of Success Obtained . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        2.  Frivolousness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        3.  Objective Reasonableness of Factual And Legal Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        4.  Motivation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        5.  Need For Compensation and Deterrence . . . . . . . . . . . . . . . . 6

    C.  Defendant's Fee Request Is Reasonable . . . . . . . . . . . . . . . . . . . . . 7

        1.  Reasonableness Of The Hourly Rates . . . . . . . . . . . . . . . . . . 7

        2.  Reasonableness of Hours Spent and Total Lodestar . . . . . . . . 8

        3.  Defendant Did Not Seek Any Recovery For Expenses . . . . . 10

        4.  Estimated Future Hours . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

1  Defendant John Doe submits the following reply memorandum of points
2  and authorities in support of defendant's motion for attorney fees.

## I. INTRODUCTION

Defendant cannot address every argument and citation of plaintiff. No waiver is intended.

Defendant rejects plaintiff's accusations that defendant misrepresented facts engaged in "scorched-earth tactics" and "stonewalling discovery." [ECF 69 (P Opp), at PDF 17]. The Quinn Reply Decl.[1] responds briefly to these accusations.

Defendant also points out that plaintiff improperly publicly filed or plaintiff's expert report and defendant's deposition transcript. Plaintiff indicated it would strike and re-file its opposition papers, but it has not done so. Quinn Decl., ¶6.

With this background, defendant addresses the substance of plaintiff's arguments below.

## II. PLAINTIFF INCORRECTLY ARGUES THAT BOTH DEFENDANT AND PLAINTIFF ARE "PREVAILING" PARTIES UNDER §505

Plaintiff admits that defendant "Doe is a 'prevailing' party insofar as dismissal of Plaintiff's claim, with prejudice, affected a material alteration of the legal relationship between the parties." [ECF 69 {P Opp.}, at PDF 14].

Plaintiff erroneously argues, however, that "Plaintiff is also a 'prevailing' party—having obtained a dismissal, with prejudice, of Doe's counterclaim . . .." [ECF 69 {P Opp.}, at PDF 14]. Plaintiff erroneously relies upon *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No. 12-CV-2472-AJB-KSC, 2016 U.S. Dist. LEXIS 182644 (S.D. Cal. Mar. 21, 2016) where "Plaintiff prevailed on only one out of thirteen copyright infringement claims that it prosecuted against

---

[1] All references to "Quinn Reply Decl." refer to the Reply Declaration of Darren J. Quinn in Support of Defendant's Motion for Attorney Fees, filed under seal.

1  Defendant"(*Id*. at *32), but "the jury invalidated ten of its copyrights." (*Id*. at
2  *32). Unlike *Sophia & Chloe*, in the instant case, defendant Doe ***prevailed***
3  ***completely*** on Plaintiff's "claims" asserted that defendant infringed the copyrights
4  of twenty-seven (27) pornographic videos owned by plaintiff Strike 3. [ECF 8
5  (FAC), ¶¶2 and 4].
6       Further, plaintiff makes no attempt to distinguish defendant's four cases that
7  ignore or dismiss mirror image declaratory relief counterclaims for non-
8  infringement. [ECF 67-1 (D Opening), at PDF 7-8]. Accordingly, the court
9  should rule that defendant is the prevailing party notwithstanding the dismissal of
10 defendant's declaratory relief counterclaim for non-infringement.

### III. THE COURT SHOULD AWARD DEFENDANT REASONABLE ATTORNEY FEES UNDER §505

#### A. Plaintiff Incorrectly Argues That Defendant Did Not Further The Purposes Of The Copyright Act

14      Plaintiff incorrectly argues: "Doe Did Not Further the Purposes of the
15 Copyright Act." [ECF 69 (P Opp.), at PDF 6].
16      The Supreme Court listed several "results" that "promote the Copyright
17 Act's purposes." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 205 (2016).
18      First, "[w]hen a litigant—whether plaintiff or defendant—is clearly correct,
19 the likelihood that he will recover fees from the opposing (*i.e.*, unreasonable) party
20 gives him an incentive to litigate the case all the way to the end." *Id.* In the
21 instant case, defendant promoted the Copyright Act's purposes because defendant
22 was clearly correct that it is impossible to infringe plaintiff's works where
23 defendant never even had any BitTorrent software to download plaintiff's works.
24      Second, when a person (again, whether plaintiff or defendant) has an
25 unreasonable litigating position, the likelihood that he will have to pay two sets of
26 fees discourages legal action. The copyright holder with no reasonable
27 infringement claim has good reason not to bring suit in the first instance (knowing
28 he cannot force a settlement and will have to proceed to judgment) . . ." *Id*. In the

instant case, defendant promoted the Copyright Act because plaintiff had no reasonable infringement claim in light of defendant's evidence and even plaintiff's expert's report.

The Ninth Circuit explains: "*Kirtsaeng* actually stated that a district court '*may order fee-shifting* . . . to deter . . . overaggressive assertions of copyright claims, again even if the *losing position* was reasonable in a particular case.'" *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1041 (9th Cir. 2018) *quoting Kirtsaeng*, 136 S. Ct. at 1988-89 (emphases in original).  Thus, even if plaintiff was reasonable in initially suing defendant, this court may award defendant attorney fees to "'to deter . . . overaggressive assertions of copyright claims.'" *id*.

In light of the above, this court should reject plaintiff's assertion that defendant must "declare his rights in copyrighted works, demarcate the boundaries of a copyright, or clarify royalties" in order to recover attorney fees under §505 as the prevailing defendant. [ECF 69 (P. Opp), at PDF 16:8-10].

### B. The Non-Exclusive Factors Support An Award Of Attorney Fees To Defendant

#### 1. Degree of Success Obtained

Defendant obtained complete success in obtaining a dismissal *with prejudice* [ECF 64] of plaintiff's "claims" that defendant infringed the copyrights of twenty-seven (27) pornographic videos owned by plaintiff.  [ECF 8 (FAC), ¶¶2 and 4].

Plaintiff misleadingly argues: "The plain fact is that Doe lost on literally *every* substantive motion and appeal he filed in this case." [ECF 69 (P. Opp), at PDF 17:4-5].   First, defendant *successfully* preserved defendant's right to appeal to the Ninth Circuit the necessity and scope of plaintiff's expert obtaining and analyzing forensic copies of defendant's hard drive.  Under Rule 72(a), "A party may not assign as error a defect in the order not timely objected to." *Id.*

1 Consistent with the Advisory Committee note that Rule 34(a) "is not meant to
2 create a routine right of direct access to a party's electronic information system,
3 although such access might be justified in some circumstances," defendant
4 preserved the issue that this court "should join district courts that only allow
5 inspection of a hard drive in exceptional circumstances." [ECF 42 (D Reply), at
6 PDF 4:24-27]. Second, defendant *successfully* pointed out his non-infringement in
7 a motion for summary judgment (ECF 53-43 (D SJ)) that was an important step in
8 this action resolving a few weeks later at the Mandatory Settlement Conference.
9 [ECF 61]. The court denied defendant's "motion for summary judgment
10 WITHOUT PREJUDICE to renewal after discovery is completed" [ECF 58] about
11 four weeks before the fact discovery cutoff [ECF 48, ¶5]. Clearly, defendant did
12 not *lose* his motion for summary judgment.

13 Defendant rejects plaintiff's accusations of "scorched-earth tactics" and
14 "stonewalling discovery." [ECF 69 (P Opp), at PDF 17]. *See* Quinn Reply Decl.,
15 ¶2.

16 Thus, the "degree of success" factor strongly supports an award of attorney
17 fees to defendant.

### 2. Frivolousness

19 Plaintiff has filed at least 8,524 copyright infringement cases from about
20 September 25, 2017 through December 14, 2022. [ECF 67-2 (Quinn Opening
21 Decl), ¶2].

22 Plaintiff admits: "**Many of Plaintiff's lawsuits** are voluntarily dismissed
23 when expedited discovery shows that the **infringer cannot be conclusively**
24 **identified**, or **where a defendant provides exculpatory evidence** or
25 proven hardship." [ECF 69 (P. Opp), at PDF 26:6-9 (emphasis added). Thus,
26 plaintiff admits that "many" of plaintiff's 8,524 copyright infringement cases were
27 dismissed because the infringer could not be "conclusively identified" or
28 defendant provided "exculpatory evidence." *Id*.

Plaintiff's so called "something more" evidence justifying suing defendant was exceedingly weak. Out of 27,955 instances of claimed downloads of "Additional Evidence" by defendant [ECF 54 (Quinn SJ Decl), ¶2(d)], paragraph 51 of plaintiff's unredacted First Amended Complaint [ECF 8, ¶¶51-52] vaguely alleges that defendant appears to be interested in seven (7) popular shows/movies. Plaintiff's allegation was apparently based upon defendant's Facebook page. [Quinn Reply Decl., ¶3]. Of course plaintiff's "Additional Evidence" erroneously assumes that plaintiff's VXN Scan evidence is admissible and accurate and that proof of IP Address use for a *single day* justifies an assumption it was used by defendant *for over a year*. [ECF 54 (Quinn Opening Dec), ¶¶2-3].

Defendant will not repeat how plaintiff refused to dismiss defendant despite damning evidence supporting defendant's non-infringement. [ECF 67-1 (D Opening Brf), at PDF 10-14].

Defendant rejects plaintiff's accusations of defendant "frustrating all discovery of the merits of Plaintiff's claim." [ECF 69 (P Opp), at PDF 19:8]. *See* Quinn Reply Decl., ¶2.

The Court should find that the frivolous factor favors defendant.

### 3. Objective Reasonableness of Factual And Legal Arguments

The objective reasonableness of factual and legal arguments factor favors defendant.

Plaintiff argues that "when amending its pleading, Plaintiff plainly provided additional allegations—'something more'—to connect Doe to the infringement, D.E. 8 & 12, ¶¶ 47–52, beyond his mere status as the subscriber." As discussed in §III.B.2 above, Plaintiff's so called "something more" evidence justifying suing defendant was exceedingly weak. [Quinn Reply Decl., ¶¶3-4].

Defendant rejects plaintiff's accusations that defendant engaged in "bad faith tactics" regarding the computer forensically imaged. [ECF 69 (P Opp), at

1    PDF 23:5].  [Quinn Reply Decl., ¶2].

2    Thus, the objective reasonableness factor favors defendant.

### 4. Motivation

Plaintiff does not challenge that if each case plaintiff filed resolved in settlement or judgment for at least $20,000, then plaintiff has been benefitted by about $**170,480,000** (8,524 X $20,000).  Defendant propounded interrogatories [ROGS 10 and 11] to obtain exact numbers, but plaintiff settled before any responses were due. [Quinn Decl., ¶¶11-12, Ex. 3].

Rather, plaintiff argues that "the volume of Plaintiff's litigation is the product of two factors over which Plaintiff has no control. . .." [ECF 69 (P Opp), at PDF 25:11-12].  However, plaintiff admits that "many" of plaintiff's 8,524 copyright infringement cases were dismissed because the infringer could not be "conclusively identified" or defendant provided "exculpatory evidence." [ECF 69 (P. Opp), at PDF 26:6-9].

Plaintiff argues that "Plaintiff clearly did not dismiss its claim when Doe did not 'quickly agree to settle.'" [ECF 69 (P. Opp), at PDF 27:24-25].  This supports that plaintiff's motivation was to make it more expensive for defendant to litigate than to settle.

### 5. Need For Compensation and Deterrence

Plaintiff argues that there "is no need for deterrence in this matter because Plaintiff's claim was neither frivolous nor objectively unreasonable, was not pursed (sic) in bad faith . . . ." [ECF 69 (P Opp), at PDF 27: 19-20].  As explained above, the frivolous and objective reasonableness factors favor attorney fees to defendant.

Plaintiff incorrectly argues: "Doe had no *statutory rights* to vindicate." [ECF 69 (P Opp.), at PDF 29].  This court should follow *Kirtsaeng* as discussed above and rule that plaintiff has no statutory right to sue non-infringers.

Plaintiff's business decision to file 8,524 copyright infringement actions

against defendants who are named as the "billing party" constitutes acceptance of the known risk that some of the named "billing party" defendants (like defendant in the instant case) will have no knowledge or use of BitTorrent software to download plaintiff's pornographic videos. The need for compensation for this class of defendants is high. Likewise, the need to deter plaintiff from pursuing claims against this class of defendants is also high. [ECF 67-2 (Quinn Dec). ¶15].

Plaintiff argues that "the Court might fairly question whether Doe's counsel's desire to increase a fee award colored his decision-making." [ECF 69 (P. Opp), at PDF 29:26-27]. Defendant's counsel attempted to end this case before defendant answered, at the ENE, and prior to trial through summary judgment. Defendant's counsel was ultimately successful at the Mandatory Settlement Conference. Defendant's counsel should be compensated.

### C. Defendant's Fee Request Is Reasonable

#### 1. Reasonableness Of The Hourly Rates

Plaintiff misleadingly argues that "Courts routinely approve rates that are approximately 30% to 70% lower than Doe's counsel's stated fee of $565/hr. as a 'reasonable' hourly rate in this District." [ECF 69 (P Opp), at PDF 31:10-12].

The court awarded "$400 per hour for Mr. Grossbardt" in *Stross v. Z Lifestyle LLC*, No. 20-cv-177-DMS-AGS, 2020 U.S. Dist. LEXIS 213261, at *23 (S.D. Cal. Nov. 5, 2020). The court can take judicial notice of California Bar records[2] that Jonah Grossbardt was admitted to the California bar in 2012 (about 8 years of experience) when he was awarded $400/hour. In contrast, attorney Quinn has over 32 years of experience.

Plaintiff misleadingly argues that the "Ninth Circuit has strongly criticized the *Laffey matrix* as a basis to determine a reasonable rate in any of its district

---

[2] https://apps.calbar.ca.gov/attorney/LicenseeSearch/QuickSearch?FreeText=grossbardt&SoundsLike=false

courts." [ECF 69 (P Opp), at PDF 31:20-21]. In *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010), state officials contended that the district court should have applied the so-called *Laffey* matrix to arrive at the appropriate hourly rates." The state officials apparently argued that the *Laffey* matrix rates were **lower** than what the district court awarded. The Ninth Circuit held that "We thus cannot fault the district court for declining to use the Laffey matrix." *Id*. at 454. The Ninth Circuit approvingly noted that "a partner with twenty-three years' experience charged $700 per hour" (*id*. at 455), and at "another firm, partners billed an hourly rate of up to $875" (*id*. at 455).

Attorney Quinn has over 32 years of complex federal court litigation experience. Just last week, attorney Quinn obtained a jury verdict for over $65 million in a patent and copyright infringement trial where he was sole trial counsel. [Quinn Reply Decl., ¶5]. It would not be an abuse of discretion for the court to award attorney Quinn a rate over the $565 rate defendant agreed to pay.

**2. Reasonableness of Hours Spent and Total Lodestar**

Defendant's counsel has submitted detailed time records indicating the amount of time spent on each task, the attorney performing the task, and the hourly rate charged. Defendant's counsel billed in tenths of an hour. [ECF 67-2 (Quinn Opening Decl), ¶26].

Based upon the reasonable hours spent, the Total Lodestar under the Fee Agreement rates, USAO *Laffey* rates and LSI *Laffey* rates for attorney Darren Quinn's office are:

| *Attorney/Paralegal* | *Total Hours* | *Lodestar Fee Agree* | *Lodestar USAO Laffey* | *Lodestar LSI Laffey* |
|---|---|---|---|---|
| Darren Quinn | 156.9 | $93,355.50 | $102,141.90 | $156,429.30 |
| Patricia McWilliams | 30.7 | $2,763.00 | $5,403.20 | $6,907.50 |
| TOTAL | 187.6 | $96,118.50 | $107,545.10 | $163,336.80 |

[ECF 67-2 (Quinn Opening Decl), ¶27]

Plaintiff argues that "the Court should exclude **138.1** total hours (based on five categories of objections), and reject Doe's request for costs." [ECF 69 (P Opp), at PDF 32:12-13]. In essence, plaintiff argues that defendant's counsel and staff should only be paid for **49.5** hours of time (187.6 hrs - 138.1 hrs).

First, the court should reject plaintiff's argument that "the Court should reduce or exclude 78.8 hours spent on improper litigation conduct and unnecessary motion practice that needlessly multiplied proceedings." [ECF 69 (P Opp), at 14-16]. Defendant's counsel did not engage in improper litigation conduct and unnecessary motion practice. [Quinn Reply Decl., ¶2].

Second, the court should reject plaintiff's argument that "the Court should reduce or exclude 18.5 hours for work that is 'clerical in nature' such as calendaring deadlines, confirming papers were filed, organizing files, and electronically filing documents which is not properly billable at an attorney or paralegal rate." [ECF 69 (P Opp), at PDF 33:1-4]. The billing entries support that this time was reasonably spent as failing to calendar deadlines and failing to file court documents can raise legal malpractice issues.

Third, the court should reject plaintiff's argument that the Court should reduce or exclude 38.3 hours that Doe's counsel 'block-billed.'" [ECF 69 (P Opp), at PDF 33:14-15]. Defendant's so called "block-billed" time was for related tasks such as court filings that should be evaluated as a whole.

Fourth, the court should reject plaintiff's argument that "the Court should reduce or exclude 23.4 hours where Doe's counsel and paralegal duplicated, or vaguely documented, their work." [ECF 69 (P Opp), at PDF 33:25-26]. There was no duplication of work between attorney Quinn and his staff (unless instructing staff constitutes duplication).

Fifth, the court should reject plaintiff's argument that "the Court should reduce or exclude 4.8 hours that were driven by Doe's counsel's practice billing

for every email he sent and received." [ECF 69 (P Opp), at PDF 34:4-5]. Plaintiff does not argue that defendant's counsel did not send or receive those emails. A search for lincoln@bandlowlaw.com reveals nearly 500 emails. Clearly attorney Quinn did not did bill for every email. [Quinn Reply Decl, ¶7].

### 3. Defendant Did Not Seek Any Recovery For Expenses

Plaintiff incorrectly argues that defendant requested "$342.42 in Pacer and Lexis costs." [ECF 69 (P Opp) at PDF 12-13].

Defendant never sought those costs. Those costs are only reflected on the billing statement [ECF 67-14, at PDF 18], but not in the brief.

### 4. Estimated Future Hours

Defendant's counsel spent over 15 hours reviewing plaintiff's opposition papers, legal research and drafting reply papers. Accordingly, plaintiff's counsel provides a "fair estimate" pursuant to Fed. R. Civ. Proc. 54(d)(2)(B) of the following reasonably anticipated activities:

| *Activity* | *Quinn* | *McWilliams* |
|---|---|---|
| Prepare attorney fee reply papers | 13.0 | 2.0 |
| Prepare for hearing | 2.0 | 0 |
| Travel to and from hearing | 1.0 | 0 |
| Attend hearing | 1.0 | 0 |
| Total | **17** | **2** |

## IV. CONCLUSION

For the foregoing reasons, defendant requests that the court award defendant reasonable attorney fees pursuant to §505.

Dated: January 17, 2023

                LAW OFFICES OF DARREN J. QUINN
                DARREN J. QUINN

                s/s/ Darren J. Quinn
                Darren J. Quinn

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: 858-509-9401

*Attorneys for Defendant and Counter-claimant John Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

                                      /s/ Darren J. Quinn