Darren J. Quinn (149679)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: (858) 509-9401

*Attorneys for Defendant and Counter-claimant John Doe*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br>vs.<br><br>JOHN DOE infringer identified as using IP address 75.25.172.49,<br><br>    Defendant.<br><br>JOHN DOE,<br><br>    Counter-claimant<br>vs.<br><br>STRIKE 3 HOLDINGS, LLC,<br><br>    Counter-defendant. | CASE NO.:  3:21-cv-00063-AJB-AHG<br><br>**REPLY DECLARATION OF DARREN J. QUINN IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY FEES**<br><br>Judge: Hon. Anthony J. Battaglia<br><br>Date:     April 13, 2022<br><br>Time:     2:00 p.m.<br><br>Courtroom: 4A<br>Edward J. Schwartz<br>U.S. Courthouse<br>221 West Broadway<br>San Diego, CA 92101 |

I, DARREN J. QUINN, declare:

1. I am an attorney for defendant JOHN DOE[1] in this action. I make this declaration in support of defendant's motion for attorney fees.

2. I reject plaintiff's accusations of "scorched-earth tactics" and "stonewalling discovery." [ECF 69 (P Opp), at PDF 17]. I also reject plaintiff's accusations of defendant "frustrating all discovery of the merits of Plaintiff's claim." [ECF 69 (P Opp), at PDF 19:8]. I reject plaintiff's accusations that defendant engaged in "bad faith tactics" regarding the computer forensically imaged. [ECF 69 (P Opp), at PDF 23:5]. I reject plaintiff's accusations that I engaged in "improper litigation conduct and unnecessary motion practice that needlessly multiplied proceedings." [ECF 69 (P Opp), at 14-16]. Without attempting to summarize the entire litigation, I note:

   a. Plaintiff did not serve a discovery request to make a forensic copy of defendant's computer drive. Rather, I volunteered to make it available subject to restrictions on the scope of plaintiff's expert. **The parties filed a discovery motion when the restrictions were greater than I voluntarily agreed. I preserved discovery issues regarding the forensic drive for review by the Ninth Circuit by objecting pursuant to Rule 72(a).**

   b. Defendant Doe was properly listed as the only individual that he "may use to support" his claims in Defendant's Rule 26(a)(1)(A)-(E) Initial Disclosures [ECF 69-1 (Fernandez Decl. Ex. A), at PDF 5-7]. **Excluding counsel declarations, defendant's summary judgment motion was supported by defendant's testimony**.

---

[1] Pursuant to the Court's Order [Dkt. 5, at 9]: "If Defendant wishes to proceed anonymously, Plaintiff may not release any identifying information without a court order allowing the release of the information."

1    c.   Plaintiff untimely served written discovery on defendant.
2 Defendant properly objected: "Defendant objects that plaintiff's
3 discovery violates paragraph 8 of the Scheduling Order [Dkt. 27] in
4 that plaintiff's discovery was belatedly served such that defendant's
5 timely response is due after the March 3, 2022 deadline." [ECF 69-1
6 (Fernandez Decl. Exs. B and C), at PDF 10-64].  Defendant made
7 other objections to avoid waiver.  **Defendant voluntarily**
8 **supplemented his discovery responses without any order of the**
9 **court.**   True and correct copies are attached as **Exhibit A**.
10    d.   I cooperated in scheduling the deposition of defendant.  **I**
11 **properly objected to questioning at deposition and sought a**
12 **ruling from the Magistrate Judge during the deposition**.
13    e.   I prepared and filed a motion for summary judgment after
14 defendant's deposition had been taken and within about a month of
15 the fact discovery cutoff.  **I filed this summary judgment motion**
16 **because plaintiff's expert prepared a report that supports no**
17 **infringing conduct by defendant.**
18  3.  Paragraphs 50-52 of plaintiff's unredacted First Amended Complaint
19 [ECF 8] state:





5.  Last week, I obtained a jury verdict for over **$65 million** in a patent and copyright infringement trial where I was sole trial counsel.

6.  I pointed out that plaintiff improperly publicly filed or plaintiff's expert report and defendant's deposition transcript.  Plaintiff's counsel indicated it would strike and re-file its opposition papers, but it has not done so.

7.  Today, I conducted a search for lincoln@bandlowlaw.com on my email that revealed nearly 500 emails.  Clearly I did not did bill for every email.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States.  Executed this 17th day of January, 2023.

s/s/Darren J. Quinn
DARREN J. QUINN