Lincoln D. Bandlow, Esq. (CA #170449)
Lincoln@BandlowLaw.com
**Law Offices of Lincoln Bandlow, PC**
1801 Century Park East, Suite 2400
Los Angeles, CA  90067
Phone: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>JOHN DOE infringer identified as using IP address 75.25.172.49,<br><br>       Defendant.<br><br>JOHN DOE infringer identified as using IP address 75.25.172.49,<br><br>       Counterclaim-Plaintiff,<br><br>vs.<br><br>STRIKE 3 HOLDINGS, LLC,<br><br>       Counterclaim-Defendant. | Case Number: 3:21-cv-00063-AJB-AHG<br><br>**RESPONSE TO DEFENDANT'S APPLICATION(S) TO FILE UNDER SEAL**<br><br>Judge: Hon. Anthony J. Battaglia<br><br>Hearing:<br><br>Date: April 13, 2022<br>Time: 2:00 p.m.<br>Location:  Courtroom: 4A Edward J. Schwartz U.S. Courthouse 221 West Broadway San Diego, CA 92101 |

i

# TABLE OF AUTHORITIES

**Cases**

*Adtrader, Inc. v. Google LLC*,
  2020 WL 6391541 (N.D. Cal. 2020) ................................................................... 2

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) .......................................................................... 2, 5

*Beech Aircraft Corp. v. Rainey*,
  488 U.S. 153 (1988) ......................................................................................... 8

*Bennett v. N. Am. Bancard, LLC*,
  2022 WL 17972168 (S.D. Cal. 2022) ................................................................ 7

*Brightwell v. McMillan L. Firm*,
  2017 WL 5885667 (S.D. Cal. 2017) ............................................................. 2, 6

*Center For Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016) .......................................................................... 1

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*,
  596 F.3d 1036 (9th Cir. 2010) .......................................................................... 5

*Does I thru XXIII v. Advanced Textile Corp.*,
  214 F.3d 1058 (9th Cir. 2000) .......................................................................... 5

*Echologics, LLC v. Orbis Intelligent Sys., Inc.*,
  2022 WL 17682657 (S.D. Cal. 2022) ................................................................ 8

*Edwards v. Ford Motor Co.*,
  2016 WL 1665793 (S.D. Cal. 2016) .................................................................. 2

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ...................................................................... 2, 8

1   *Kamakana v. City & Cnty. of Honolulu*,
2     447 F.3d 1172 (9th Cir. 2006) ................................................................. 5
3   *Provide Com., Inc. v. Hartford Fire Ins. Co.*,
4     2014 WL 11961957 (S.D. Cal. 2014) ...................................................... 2
5   *Roe v. Skillz, Inc.*,
6     858 Fed. Appx. 240 (9th Cir. 2021) .................................................... 5, 6
7   *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*,
8     2013 WL 12244287 (C.D. Cal. 2013) ...................................................... 7
9   *Strike 3 Holdings, LLC v. Doe*,
10     2019 WL 78987 (S.D.N.Y. 2019) ............................................................ 3
11   *Strike 3 Holdings, LLC v. Doe*,
12     2020 WL 3567282 (D.N.J. 2020) ............................................................ 4
13   *Strike 3 Holdings, LLC v. Doe*,
14     2021 WL 7286225 (D.N.J. 2021) ............................................................ 3
15   *Strike 3 Holdings, LLC v. Doe*,
16     2022 WL 1214170 (E.D. Pa. 2022) .......................................................... 6
17   *Strike 3 Holdings, LLC v. Doe*,
18     2022 WL 14838018 (D.N.J. 2022) .......................................................... 6
19   *Strike 3 Holdings, LLC v. Doe*,
20     2022 WL 18397511 (C.D. Cal. 2022) ...................................................... 4
21   *Strike 3 Holdings, LLC v. Doe*,
22     2022 WL 2274473 (D.N.J. 2022) ............................................................ 4
23   *Strike 3 Holdings, LLC v. Doe*,
24     2022 WL 2276352 (E.D. Pa. 2022) ..................................................... 3, 6
25   *Strike 3 Holdings, LLC v. Doe*,
26     2023 WL 113564 (M.D. Fla. 2023) .......................................................... 5
27
28

*Strike 3 Holdings, LLC v. English*,
   2022 WL 17991144 (D.N.J. 2022) ................................................................... 3

*U.S. v. Lopez*,
   4 F.4th 706 (9th Cir. 2021) ............................................................................... 8

*West v. Palo Alto Hous. Corp.*,
   2019 WL 13254313 (N.D. Cal. 2019) ............................................................... 2

**Rules**

Fed. R. Evid. 106 ................................................................................................. 8

1 Plaintiff Strike 3 Holdings, LLC ("Plaintiff") respectfully submits this Response to the motions to file documents under seal ("Motions") [D.E. 65, 71] filed by Defendant/Counterclaim-Plaintiff John Doe infringer identified as using IP address 75.25.172.49 ("Defendant") and states as follows:

1. Ordinarily, Plaintiff never opposes a party's request to seal or proceed under a pseudonym on the public docket and here, at least in principle, Plaintiff does *not* oppose Defendant's Motions to the extent they seek to seal information appearing in any document that may identify Defendant. In fact, Plaintiff intends to submit an unredacted, excerpted copy of Defendant's deposition transcript (previously filed with redactions of personal identifiers and health information), *see* D.E. 69-1 (Ex. E), under seal, based on the assumption that Defendant will seek to cure the defects in the Motions, and the Court will either permit the filing of documents that identify Defendant under seal, or deny the Motions and order that those documents be made available on the public docket. *See* Battaglia Civil Case Procedures [hereinafter "*Procedures*"] § IV, ¶ 2.

2. Plaintiff only opposes Defendant's attempt to use a sealing request as a vehicle to exclude portions of Plaintiff's expert report with the apparent goal of distorting that report's conclusions. *See* D.E. 65 at p.ii.

3. The Ninth Circuit recognizes two standards that govern a request to seal documents: the "compelling reasons" standard and the "good cause" standard. *See Center For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). The determination of which standard applies "turn[s] on whether the motion is more than tangentially related to the merits of a case." *Id.* at 1101.

4. Although Defendant discusses only the "compelling reasons" standard, *see* D.E. 65 at iii, Defendant's request (currently) fails under either test. Moreover, courts are generally in accord that requests to seal documents submitted in connection with fee motions—despite requiring analysis of factors

1

such as the frivolousness and objective reasonableness of a party's claim—are tangential enough to be governed by the lower "good cause" standard.[1] *See, e.g.*, *Adtrader, Inc. v. Google LLC*, 2020 WL 6391541, at *1 (N.D. Cal. 2020); *Edwards v. Ford Motor Co.*, 2016 WL 1665793, at *4 (S.D. Cal. 2016).

5. Under the "good cause" standard, the moving party must show that, for "each particular document" it seeks to seal, what "specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). Nor can this burden be overcome by the parties' mere stipulation that a document be treated as "confidential." *See Brightwell v. McMillan L. Firm*, 2017 WL 5885667, at *1 (S.D. Cal. 2017); *see also West v. Palo Alto Hous. Corp.*, 2019 WL 13254313, at *2 (N.D. Cal. 2019).

6. Defendant (currently) makes no showing of any "specific prejudice or harm" that will result if these documents are not sealed. The only support that Defendant offers seems to be that (1) these documents all identify Defendant in some way and, (2) at the beginning of this case—*at Plaintiff's suggestion*, D.E. 4-1 at 12—the Court ordered that "[i]f Defendant wishes to proceed anonymously, Plaintiff may not release any identifying information without a court order allowing the release of the information."[2] D.E. 5 at 9 at ¶6.

---

[1] This error is likely due to Defendant not updating the first sealing motion, D.E. 51—despite counsel representing he expended 5.6 hours in block-billed time to do so, D.E 67-14 at 18 (12/16/2022)—since Defendant's first sealing motion was governed by the "compelling reasons" standard. *See Provide Com., Inc. v. Hartford Fire Ins. Co.*, 2014 WL 11961957, at *2 (S.D. Cal. 2014) (Battaglia, J.).

[2] The Court also provided that "[a] subscriber who moves to quash or modify the subpoena may proceed anonymously as 'John Doe,' and shall remain anonymous until the Court orders that the identifying information may be released," D.E. 5 at 9, ¶4, but Defendant never moved to quash or modify the subpoena.

2

7.     The order that Defendant relies upon was entered before Defendant's identity was known, when neither Plaintiff nor the Court could know whether Defendant would (1) want to proceed pseudonymously, or (2) be able to show facts to support that relief. *See* D.E. 5 at 9, ¶6 ("***If*** Defendant wishes to proceed anonymously . . . .") (emphasis added).

8.     In addition to preserving the ability for defendants to be heard on *potential* privacy interests, *see Strike 3 Holdings, LLC v. Doe*, 2022 WL 2276352, at *1 (E.D. Pa. 2022), Plaintiff asks Courts to enter this prophylactic relief due to concerns—sometimes raised, but never substantiated in Plaintiff's matters—that litigation involving the piracy of adult works carries with it the risk of coercive settlement practices. Although Plaintiff expressly denies engaging in such practices, *see* D.E. 4-2 (Ex. A at ¶¶ 33, 38), it suggests this relief insofar as it "removes much, if not all, of the leverage that a plaintiff would possess to unduly coerce [a defendant] into settlement." *Strike 3 Holdings, LLC v. Doe*, 2019 WL 78987, at *4 (S.D.N.Y. 2019) (citation omitted).

9.     However, while Plaintiff has an interest in not being (falsely) accused of coercive settlement practices, courts have rejected that interest *standing alone* as sufficient to permit pseudonymous litigation and/or seal documents on a permanent basis. *Strike 3 Holdings, LLC v. Doe*, 2021 WL 7286225, at *4–5 (D.N.J. 2021), *default judgment entered sub nom.*, 2022 WL 310201 (D.N.J. 2022). Indeed, Plaintiff's inability to meet the relevant burden(s) based on its own interests alone is further compounded by a conflicting concern—which Plaintiff also denies—that Plaintiff may be somehow "weaponizing" anonymity in these matters. *Strike 3 Holdings, LLC v. English*, 2022 WL 17991144, at *5 n.2 (D.N.J. 2022) (granting request to unseal documents when entering default judgment).

10.    In this matter, although Defendant did not contact Plaintiff to discuss whether Defendant intended to request to remain pseudonymous, *see* D.E. 5 at 9,

3

¶ 6, Plaintiff did not seek a court order to reveal Defendant's identity on the public docket, D.E. 5 at 9, ¶6, and instead carried on the *status quo*—preserving Defendant's ability to be heard on this issue—by seeking leave to file its amended pleadings (and associated documents) under seal, based on privacy interests that Plaintiff could only speculate (1) existed and (2) were substantial enough to justify this relief. *See* D.E. 9. *Compare Strike 3 Holdings, LLC v. Doe*, 2020 WL 3567282, at *11 (D.N.J. 2020) (Hillman, J.) (finding *ex parte* protective order appropriate and observing that "while there may be privacy issues at stake . . . that is the part of this case that is truly speculative"), *with Strike 3 Holdings, LLC v. Doe*, 2022 WL 2274473, at *3 n.1 (D.N.J. 2022) (Hillman, J.) (denying permanent sealing and finding, even though defendant denied infringement, the "conditions that warranted the temporary restriction of public access are no longer as compelling now that the Defendant has been identified and is part of this action").

      11.    Although Defendant eventually appeared and litigated this matter under a pseudonym, the Court order that Defendant relies upon to do so only provides that Plaintiff may not reveal Defendant's information if Defendant "wish[ed]" to proceed anonymously. *See, e.g.*, D.E. 18 at 1. However, *wishing* to proceed anonymously and *showing* an entitlement for that relief are two different things. *See Strike 3 Holdings, LLC v. Doe*, 2022 WL 18397511, at *2 (C.D. Cal. 2022); *see also Strike 3*, 2022 WL 2274473 at *3 (denying motion to seal and observing that although the "documents have been subject to a protective order, it does not necessarily mean that the documents automatically qualify to remain sealed"). Moreover, while recent caselaw on this issue presents a Catch-22 for Plaintiff—in which it apparently can neither oppose nor consent to sealing without being (incorrectly) suspected of wrongdoing—the one thing that is clear is that *Defendant* is the party who must make the showing as to whether documents should be sealed.

12. To date, Defendant has not explained what "specific prejudice or harm will result" if documents identifying Defendant are not sealed, *Foltz*, 331 F.3d at 1130, or what "severe harm" Defendant fears will "reasonab[ly]" occur if Defendant is identified in the public record. *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000).

13. This burden entails more than reciting boilerplate concerns of reputational damage from being accused of infringing adult content. *See generally Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Beckman Indus., Inc.*, 966 F.2d at 476; *Strike 3 Holdings, LLC v. Doe*, 2023 WL 113564, at *2 (M.D. Fla. 2023) ("[E]mbarrassment alone fails to amount to good cause or compelling justification to permit filing under seal").

14. Indeed, the popularity and critical acclaim obtained by Plaintiff's works, *see* D.E. 4-2 (Ex. A, at ¶ 14, 20–24), and even the volume of Plaintiff's lawsuits against infringers of those works, *see* D.E. 67-3, appear to weigh *against* finding that merely being associated with the enjoyment (via theft) of adult works in "today's environment" is an "unusual" case that is "so out of the norm as to constitute [being] sensitive and highly personal in nature." *Roe v. Skillz, Inc.*, 858 Fed. Appx. 240, 241 (9th Cir. 2021) (affirming denial of anonymity order based on appellant's past gambling addiction and mental health problems).

15. As one Court recently explained when denying a motion to seal a consent judgment against a defendant in one of Plaintiff's infringement matters:

> It is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove. Thus, it certainly cannot be the case that anonymity is warranted for every defendant sued by Plaintiff simply because Plaintiff's copyrighted works are adult films, legal in all respects other than how the defendants in these cases obtained and/or shared them via the BitTorrent protocol. This Court believes that it will also be the rare lawsuit in cases brought by Plaintiff where the defendant will be able to show a severe,

5

      extraordinary harm is reasonably feared in light of the defendant's individual circumstances—not just the pornographic nature of Plaintiff's protected works, which is a common fact in all of Plaintiff's copyright cases.

      Further, courts do not simply presume severe harm. Instead, it is Defendant's burden to demonstrate that his is the exceptional case and that his unique factual circumstances provide a reasonable basis to fear some extraordinary harm. Merely stating that his reputation would be irreparably tarnished and future employment prospects may be lost—without any evidence or even a proffer to support either conclusory statement—does not meet the threshold for anonymity.

*Strike 3 Holdings, LLC v. Doe*, 2022 WL 14838018, at *5 (D.N.J. 2022) (cleaned up) (citations omitted); *see also Strike 3*, 2022 WL 2276352 at *3 n.3 (rejecting conclusory assertion of a "tarnished" reputation in support of sealing request, and observing that Plaintiff's pleading does not "go into gratuitous details about the context of the copyrighted works" beyond identifying them as "adult motion pictures" and intentionally omitting their titles). *But see Strike 3 Holdings, LLC v. Doe*, 2022 WL 1214170, at *3 (E.D. Pa. 2022) (granting permanent sealing, on consent, where allegations "could negatively affect [the defendant's] current employment, future employment opportunities, and reputation" and therefore outweighed public's interest in disclosure).

16.     To be clear, Plaintiff has no formal objection to allowing documents identifying Defendant to be filed under seal, with copies available on the public docket to redact personal identifiers. But Plaintiff's non-opposition is insufficient to meet Defendant's burden. *See Roe*, 858 Fed. Appx. at 241 (affirming denial of anonymity request, despite "no identifiable prejudice to" the appellee, because the appellant "failed to address and therefore show that the need for anonymity outweighs the public's interest in the proceedings"); *Strike 3*, 2022 WL 14838018 at *8 ("Plaintiff['s] assent … is of no legal impact on the parties' joint request for Defendant to remain anonymous."); *Brightwell*, 2017 WL 5885667 at *1.

17. To that end, Plaintiff respectfully submits that if Defendant cures Defendant's deficient showing, by providing a sworn declaration from Defendant,[3] *Procedures* § IV, ¶ 3(3), the Court should also permit Plaintiff to file the excerpted copy of Defendant's deposition transcript (which has been filed on the public docket with redactions only to remove personal identifiers and health information), D.E. 69-1 (Ex. E), under seal, based on that same showing.

18. However, Plaintiff <u>does</u> object to Defendant's request, buried in Defendant's motion to seal, to "exclude or strike" portions of the Paige Declaration based on Defendant's incorrect argument that these paragraphs exceed the authorization provided by the Magistrate Judge's hard drive examination order.[4] D.E. 65 at p.ii. Setting aside that Plaintiff's expert did not exceed his authorization, *see* D.E. 32, at 13, ¶ 3(e), Defendant's request must fail for two additional reasons.

19. First, Defendant's failure to show "specific prejudice or harm" is the same—if not greater—with respect to Defendant's request to seal these additional paragraphs of the Paige Declaration. Defendant cannot rely on "privacy" interests

---

[3] *See Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, 2013 WL 12244287, at *3 (C.D. Cal. 2013) (denying sealing request under "good cause" test and assigning "no weight" to counsel declaration); *see also Bennett v. N. Am. Bancard, LLC*, 2022 WL 17972168, at *3 (S.D. Cal. 2022) (Battaglia, J.) (rejecting counsel declaration to support sealing request under "compelling reason" test).

[4] The parties appear to agree the Paige Declaration should be generally available on the public docket and (to the extent Defendant can meet Defendant's burden) that redactions should be made to remove personal identifiers. After Plaintiff filed the Paige Declaration with redactions in connection with its Opposition to the fee motion, D.E. 69-1 (Ex. D), the parties discussed striking that filing (and others) to make further redactions beyond what is necessary to protect Defendant's identity. Thereafter, the Court entered a briefing schedule on the sealing issue, D.E. 73, and it now appears that the most efficient way to address the issue is for the Court to rule upon what information should (or should not) be sealed and/or redacted on the public docket, rather than clog the docket with motions to strike, re-file, and seal documents, only for the parties to again request leave to file redacted documents that are currently on the public docket. *See* Fed. R. Civ. P. 1.

because Defendant has already placed a self-serving and incomplete version of the same facts (*i.e.*, use of this computer) on the public record. *See* D.E. 53-2, ¶ 6. *Cf. Procedures*, § IV, ¶1 ("[T]he documents to be filed under seal will be limited by the Court to only those documents, or portions thereof, ***necessary*** to protect such sensitive information.") (emphasis original). Instead, the only discernible "harm" these paragraphs present to Defendant is that they are devastating to Defendant's fee motion, but "a litigant is not entitled to the court's protection from this type of harm." *Foltz*, 331 F.3d at 1137. *Cf. Echologics, LLC v. Orbis Intelligent Sys., Inc.*, 2022 WL 17682657, at *2 (S.D. Cal. 2022) (approving sealing that was "narrowly tailored" to protect "commercially sensitive information").

20. Second, Defendant has placed the Paige Declaration at issue—twice—to support Defendant's motion for summary judgment, D.E. 53, 54, and Defendant's motion for fees. D.E. 65, 67. On both occasions, Defendant improperly sought to distort Plaintiff's expert's conclusions by excising key contextual information from the declaration. *See* D.E. 51 at p.ii; D.E. 65 at p.ii. Accordingly, the Court must consider the entire Paige Declaration—and these paragraphs specifically—to correct Defendant's distortions. Fed. R. Evid. 106; *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171–72 (1988); *U.S. v. Lopez*, 4 F.4th 706, 715 (9th Cir. 2021), *cert. denied*, 143 S. Ct. 121 (2022).

21. Plaintiff's expert's review of the computer, and the conclusions the expert reached about who did—and who did not—use it, are inextricably intertwined with the issues of whether Plaintiff's claim was (or ever became) frivolous or objectively unreasonable. It is improper for Defendant to use a sealing request as a tool to re-write the Paige Declaration because that document contains facts that directly informed Plaintiff's decision-making in this litigation.

22. WHEREFORE, in the event Defendant overcomes Defendant's deficient showing of "specific prejudice or harm" to support Defendant's sealing request, Plaintiff respectfully submits that the Court should enter an Order:

    a. allowing Defendant to file (i) Exhibits B and C of the Quinn Declaration [D.E. 65-1]; the Quinn Reply Declaration; and Exhibits A and B to the Quinn Reply Declaration [D.E. 71] under seal, and (ii) redacted versions of these documents on the public docket to remove only personal identifiers;

    b. allowing Defendant to file Exhibit A of the Quinn Declaration [D.E. 65-1] under seal, which is currently available on the public docket with redactions only for personal identifiers, [D.E. 69-1 (Ex. D)];

    c. denying Defendant's request to exclude or strike paragraphs 14-15, 18-27, and 39 of the Paige Declaration;

    d. allowing Plaintiff to file Exhibit E of the Fernandez Declaration under seal, which is currently available on the public docket with redactions only for personal identifiers and health information, [D.E. 69-1 (Ex. E)]; and

    e. denying as moot Defendant's request to file Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion for Attorney Fees [D.E. 67-1] under seal and requiring that document be publicly filed without redactions.

DATED this 31st day of January, 2023.

**Law Offices of Lincoln Bandlow, PC**

*s/ Lincoln D. Bandlow*
Lincoln D. Bandlow
Attorneys for Plaintiff Strike 3 Holdings, LLC

9